UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GEORGE PELLEY<br>plaintiff | Civil Action No.<br>3:01 CV 1767 (CFD) |
| v. | |
| SUPERVALU, INC.<br>Defendant | October 27, 2003 |

## PLAINTIFF'S LOCAL RULE 9(c)2 STATEMENT

Section 1

1. Deny. Based on the unexplained absence of maintenance and repair records for the pallet jack in question for a period of more than a year immediately preceding the date of the plaintiff's accident, a jury could reasonably infer that the defendant is covering up a defect in the braking mechanism that existed at the time of the accident. (Hensley deposition, pp. 59-60, defendant's maintenance and repair records filed concurrently with the defendant's Local Rule 9(c)1; computer maintenance and repair records attached hereto Exhibit B).

2. Deny. Prior to the plaintiff's injuries, the maintenance and repair records for the period from 1996 to September 24, 1998 show a history of repeated problems and defects with the electrical and a problem in the deadman's brake. (Hensley's deposition, pp. 41, 42, 46, 47, 52-58) For almost thirteen months immediately prior to the plaintiff's injuries, the defendant either did not maintain the pallet jack in question at all or destroyed those records. (Hensley deposition, pp. 59-60, defendant's maintenance and repair records filed concurrently with the plaintiff's Local Rule 9(c)1

Statement; computer maintenance and repair records attached hereto as Exhibit B). Please refer to number 1 above with regard to defects directly after the plaintiff's injuries.

3. Deny. The defendant's failure to maintain the pallet jack in question properly or at all for more than year coupled with the manufacturer's required service timetable at the very least put the defendant on constructive notice that the pallet jack would likely malfunction or be defective. (Hensley deposition, pp. 59-60, defendant's maintenance and repair records filed concurrently with the defendant's Local Rule 9(c)1 Statement; computer maintenance and repair records attached hereto Exhibit B).

4. Deny for the same reasons and based on the same evidence as stated in number 1.

5. Deny for the same reasons and based on the same evidence as stated in number 1.

6. Deny for the same reasons and based on the same evidence as stated in number 1. The defendant did not inspect or maintain the pallet jack in question for more than an entire year prior to the plaintiff's injuries.

7. Number 7 is a repeat of number 6 and is denied for the same reasons.

8. Deny. The plaintiff admits that the service records attached by the defendant are true copies of the records it produced for the Crown pallet jack that the plaintiff was using on October 19, 1999, but the gap in said records may indicate that some of the records have been destroyed.

9. Admit.

Section 2.   Issues of Material Fact as to Which Plaintiff Contends There Are Genuine Issues To be Tried.

1. Whether the defendant failed to perform any maintenance, inspection or repair to the pallet jack in question for almost 13 months immediately prior to the date on which the plaintiff was injured. (Hensley deposition, pp. 59-60, defendant's maintenance and repair records filed concurrently with the defendant's Local Rule 9(c)1 Statement; computer maintenance and repair records attached hereto Exhibit B).

2. Whether the defendant exercised reasonable care in maintaining the pallet jack in question by performing regular safety checks of the pallet jack in question. (Hensley deposition, pp. 59-60, defendant's maintenance and repair records filed concurrently with the defendant's Local Rule 9(c)1 Statement; computer maintenance and repair records attached hereto Exhibit B).

3. Whether the defendant inspected the pallet jack at reasonable periodic intervals and within the timeframes required by the manufacturer's service manual. (Excerpt from the Crown Series PE Service & Parts Manual, attached hereto as Exhibit A; Hensley depo., pp. 18-20, 28-30, 59-60;

4. Whether the pallet jack in question malfunctioned on October 19, 1999 due to the defendant's failure to reasonably maintain and service it for more than a year. (Hensley deposition, pp. 59-60, defendant's maintenance and repair records filed concurrently with the defendant's Local Rule 9(c)1 Statement; computer maintenance and repair records attached hereto Exhibit B).

5. Whether by reason of the history of electrical and dead man's brake problems with the pallet jack in question and the defendant's complete failure to service

it at all thereafter for more than a year put the defendant on constructive notice that it was likely to malfunction and/or be defective. (Hensley's deposition, pp. 41, 42, 46, 47, 52-60, defendant's maintenance and repair records filed concurrently with the defendant's Local Rule 9(c)1 Statement; computer maintenance and repair records attached hereto Exhibit B).

6. Whether the pallet jack in question was defective or in disrepair at the time that the plaintiff was injured while using it, and if so, whether the defendant destroyed and altered its service and repair records to cover up that fact. (Hensley deposition, pp. 59-60, defendant's maintenance and repair records filed concurrently with the defendant's Local Rule 9(c)1 Statement; computer maintenance and repair records attached hereto Exhibit B).

7. Whether the defendant inspected the pallet jack in question whenever a repair was necessary. (Hensley deposition, pp. 59-60, defendant's maintenance and repair records filed concurrently with the defendant's Local Rule 9(c)1 Statement; computer maintenance and repair records attached hereto Exhibit B).

                                                            THE PLAINTIFF GEORGE PELLEY

                                                            By: _____
                                                            Warren L. Holcomb
                                                            Federal Bar No. ct13127
                                                            Berchem, Moses & Devlin, P.C.
                                                            75 Broad Street
                                                            Milford, CT 06460
                                                            (203) 783-1200

## CERTIFICATION

This is to certify that a copy of the foregoing Plaintiff's Local 9(c)2 Statement was mailed the 27th day of October, 2003, first class mail, postage prepaid, to the following:

Jack Miller, Esq.
Regnier, Taylor, Curran & Eddy
Cityplace I, 28th Floor
185 Asylum Street
Hartford, CT 06103

_____
Warren L. Holcomb, Esq.