FILED

2003 NOV 10 P 3: 09

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE PELLEY | : | CIVIL ACTION NO. |
| Plaintiff | | |
| | : | 3:01CV1767 (CFD) |
| V. | | |
| SUPERVALU, INC. | | |
| Defendant | : | November 10, 2003 |

## REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**I. INTRODUCTION:**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendant, Supervalu, Inc. filed a Motion for Summary Judgment on October 9, 2003. The plaintiff replied with an Opposition Brief to the Motion for Summary Judgment on October 27, 2003. The plaintiff alleges that the defendant's Motion for Summary Judgment should be denied based on the fact that a genuine issue of material fact exists as to whether the defendant failed to exercise reasonable care under the circumstances. The plaintiff also claims that the defendant had, or should have had notice of the dangerous condition of the pallet jack due to its history of electrical problems and the defendant's failure to properly maintain the jack on a regular basis.

In all respects, plaintiff's memorandum misses the mark.

## II. ARGUMENT:

### A. The defendant has cited relevant case law to establish that the plaintiff has failed to allege and prove that the defendant had notice of the dangerous condition of the pallet jack.

The plaintiff claims that the cases cited in the defendant's Motion for Summary Judgment are misplaced since they address issues of premises liability instead of the failure to properly maintain a piece of mechanical equipment. (Plaintiff's brief, p. 2) The plaintiff was indeed a business invitee of the defendant, and as such the defendant had an obligation to the plaintiff to keep its facilities in a reasonably safe condition. Since the pallet jack in question was operated by business invitees on the defendant's property, it was required to be kept and maintained in a safe working condition.

The plaintiff attempts to distinguish two cases discussed in the defendant's Motion for Summary Judgment on the basis that they deal with premises liability issues rather than the proper maintenance and service of a piece of equipment made available for use on the defendant's premises. (Plaintiff's brief, p. 2) The plaintiff however has failed to cite any cases in support of his argument.

Such a proposition is ill-reasoned. Plaintiff's lawsuit is predicated on negligence, specifically that the defendant failed to maintain a piece of

equipment. To be liable, there must be notice or constructive notice of a specific defect, sufficient time to correct the defect and a failure to do so. The pallet jack was used on the defendant's property in order to assist business invitees in loading and unloading products to and from their trucks. Hence, the standard of care for business invitees applies in this situation.

The plaintiff states that the defendant's use of Baptist v. Better Val-U Supermarket, Inc., 262 Conn. 135 (2002) is misplaced since it deals with issues of premises liability. (Plaintiff's brief, p. 2) The defendant cited this particular case for the proposition that in order for a plaintiff to recover for a breach of duty owed to him, it is necessary to allege and prove that the defendant had notice of the presence of the very defect which caused the plaintiff's injury. At no time has the plaintiff ever alleged or proven that the defendant had notice of the existence of the exact defect of the pallet jack which resulted in his injuries. There is no evidence whatsoever of any defect with the pallet jack, let alone evidence of the specific defect which supposedly lead to the plaintiff's injuries. The plaintiff has only alleged broad general defects with the machine, and as stated in Baptist v. Better Val-U Supermarket, Inc., that is not enough to prove negligence under Connecticut law. The plaintiff has failed to properly allege or prove notice.

The plaintiff also attempts to distinguish McDermott v. Calvary Baptist Church, 69 Conn. App. 284 (2002) as another case involving issues of premises liability. (Plaintiff's brief, p. 2-3) McDermott v. Calvary Baptist Church is applicable in the current case for the proposition that constructive notice of defects is chargeable to an occupier of land if the condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have discovered and remedied the defect. In McDermott v. Calvary Baptist Church, the issue involved the failure of the defendant to maintain a tree branch overhanging on to its property. Both McDermott, as well as this case involve a foreign object contained within the boundaries of the defendant's property, which allegedly constitute a hazardous and dangerous condition resulting in injuries to the plaintiff. In McDermott v. Calvary Baptist Church, the Court states that to "establish liability for an injury caused by a falling tree limb, the plaintiff must establish either actual or constructive notice of the limb's defective condition." 69 Conn. App. 284, 294-295 (2002).

This standard is applicable in the present case. The plaintiff must prove the defendant had notice of the supposedly dangerous condition of the pallet jack in order to establish the defendant's liability. The plaintiff also cites McDermott v. Calvary Baptist Church, for the proposition that a possessor of

land has the duty to warn business invitees of dangerous conditions the invitee could not reasonable be expected to discover. (Plaintiff's brief, p. 3) There is no evidence that a dangerous condition existed with the pallet jack, and hence there was nothing to warn the plaintiff about before he used the jack. Notice cannot be established since the pallet jack was inspected and maintained on a regular basis. No evidence exists of any defect with the pallet jack. The most revealing fact is that both John Hensley and Richard O'Connor thoroughly inspected the pallet jack after the accident occurred and could find nothing whatsoever wrong with the way it was operating. Since the defendant possessed no notice of any dangerous or defective condition with the pallet jack, the defendant has no duty to warn the plaintiff of a non-existent condition.

The cases cited by the defendant in its Motion for Summary Judgment are both applicable and relevant in stating the law concerning notice. This is especially true of the requirement that the plaintiff must allege and prove notice of the exact specific defect which caused the plaintiff's injuries. Since there is no evidence that the pallet jack was defective in any way, then clearly the defendant could not have possessed either actual or constructive notice of a non-existent defect. The plaintiff has failed to comply with the requirements of the law in order to prove notice.

## B. The defendant properly serviced and maintained the pallet jack on a regular basis and also when needed.

The plaintiff argues that the maintenance and repair records for the pallet jack in question reflect that it was repeatedly plagued with electrical problems. (Plaintiff's brief, p. 3-4) The plaintiff states a few occasions when service was needed for various problems relating to the electrical system of the pallet jack. These occurrences happened over a period of two years. Any frequently used electrical device is going to need various adjustments and repairs to its parts over a long period of time. More significantly, the maintenance records reflect that whenever servicing of the pallet jack was required, the defendant attended to it.

The plaintiff has exaggerated the magnitude of the so-called electrical problems with the pallet jack. For example, the plaintiff states that the dead man switch was not being activated on November 25, 1996. (Plaintiff's brief, p. 4) However, the plaintiff fails to state that the problem was remedied by a simple adjustment to the switch (John Hensley deposition transcript p. 55). The fact that the pallet jack occasionally needed maintenance does not validate the plaintiff's claim. Quite the contrary, the records reflect that whenever servicing was required, it was promptly and properly performed.

In addition, John Hensley states in his deposition that a safety check would be performed on the pallet jack before it was allowed to be put back into use. (Hensley deposition transcript p. 28). The defendant took reasonable precautions to ensure that the pallet jack was working properly and was safe before allowing anyone else to operate it. After the plaintiff's injury, both John Hensley and Richard O'Connor, the day shift supervisor, inspected the pallet jack and both found it to be in good working condition. Their inspections included a thorough examination of the pallet jack. No mechanical or electrical defects were found.

The plaintiff also claims that the fact that there was a gap in the defendant's records for the maintenance and repairs of the pallet jack was because either the defendant performed no maintenance or repairs on the power jack for more than a year, or because the defendant committed spoliation by destroying the records in order to hide damaging information. (Plaintiff's brief, p 5-7) The plaintiff cites Byrnie v. Town of Cromwell, 243 F. 3d 93, 107 – 112 (2d Cir. 2001) for the proposition that if the defendant in fact destroyed the records, the plaintiff is entitled to an adverse inference instruction on the issue of liability against the defendant. (Plaintiff's brief, p. 7) Byrnie v. Town of Cromwell states that the prejudiced party must "produce some evidence suggesting that a document or documents relevant to

substantiating his claim would have been included among the destroyed files." 243 F. 3d 93, 108 (2d Cir. 2001). First, the plaintiff has failed to provide any evidence to suggest that the defendant destroyed these service records. Second, the plaintiff has no proof that the maintenance records for that time period would have contained damaging information concerning the maintenance of the pallet jack. The plaintiff is making an unfounded, baseless accusation.

The defendant has in good faith produced every repair and maintenance record it possessed pertaining to the pallet jack from early 1995 to the present. In fact, there is no "gap" if that word is intended to suggest some inappropriate action or break in continuum. This is a bald accusation made by the plaintiff which has no basis in fact with it.

The plaintiff quotes a series of questions and answers from John Hensley's deposition transcript asking Mr. Hensley about the missing maintenance records. (Plaintiff's brief, p. 6) What was **never** asked was the reason the pallet jack did not require servicing during the time frame of September 24, 1998 to December 23, 1999.

### III. CONCLUSION

Despite the plaintiff's objections to the issues raised in the defendant's Motion for Summary Judgment, there still remains no genuine issue of fact

that the defendant possessed notice of the existence of the specific defect of the pallet jack which resulted in the plaintiff's injuries.

The pallet jack was maintained, repaired and inspected appropriately. The plaintiff's allegations that no maintenance or repairs were conducted on the pallet jack between September 24, 1998 and December 23, 1999 or that the records were destroyed are baseless and nothing more than a red herring. Subsequent to the plaintiff's injuries, two of the defendant's employees inspected the pallet jack and both found it to be in fine working condition. The plaintiff has failed to provide any evidence to prove that the defendant had notice of the actual dangerous or defective condition claimed by the plaintiff. Therefore, the defendant is not liable for this claim. Accordingly, the defendant's Motion for Summary Judgment must be granted.

THE DEFENDANT,
Supervalu, Inc.

By _____
Jack D. Miller
Regnier, Taylor, Curran & Eddy
Cityplace, 28th Floor
Hartford, CT 06103
(860)249-9121
Federal I.D. No.: CT 05300
