## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE PELLEY<br>Plaintiff | : | CIVIL ACTION NO. |
| | : | 3:01CV1767 (CFD) |
| V. | | |
| SUPERVALU, INC.<br>Defendant | : | August 16, 2004 |

## REPLY TO PLAINTIFF'S OPPOSITION TO
## DEFENDANT'S MOTION TO COMPEL

### I.   BACKGROUND

This negligence action stems from an incident on October 19, 1999 in which the plaintiff was allegedly injured while unloading merchandise he was delivering to the defendant's facility in Suffield, Connecticut.  Complaint, Feb. 21, 2001.

The plaintiff claims that he suffered injuries to his left and right knees and to his back.  Complaint, par. 11.  He further claims that he suffered a loss of earnings, past, present and future.  Complaint, par. 13.  Finally, he claims that he incurred medical costs in treating his injuries and expects to incur future costs for an indefinite time in treating these injuries.  Complaint, par. 14.

PDF created with pdfFactory trial version www.pdffactory.com

On December 26, 2001, counsel for the parties held a Planning Meeting. At that time, they agreed that (1) discovery would be completed by October 31, 2002; (2) plaintiff would disclose experts by July 31, 2002; (3) plaintiff would provide a damages analysis by April 30, 2002.

Despite this agreed-upon schedule, and despite repeated efforts by defense counsel to elicit the required information, and despite an order of the court directing the plaintiff to provide the information, the plaintiff continues to withhold from the defendant the following critical information:

1. Several outstanding medical records that relate to the very injuries claimed by the plaintiff and/or previous and subsequent injuries to the same areas.

2. Records pertaining to subsequent injuries sustained by the plaintiff to the same areas, including documentation of a subsequent claim or lawsuit that the plaintiff is believed to have instituted.

3. Information concerning the plaintiff's expert witnesses.

4. Information pertaining to the plaintiff's lost wage claim.

**II.  PLAINTIFF MUST FURNISH OUTSTANDING INFORMATION OR SUFFER DISMISSAL OF ACTION**

PDF created with pdfFactory trial version www.pdffactory.com

Once again, the defendant has asked the Court to order the plaintiff to furnish the outstanding information within a set period of time. However, this time, the defendant has appealed to the Court to dismiss the action should the plaintiff fail to comply. Motion[1] to Compel, July 14, 2004. Without this information, the defendant cannot ready its case for trial. Without the threat of dismissal, the plaintiff apparently lacks motivation to furnish the information.

### III.     PLAINTIFF'S OBJECTION LACKS MERIT

The plaintiff has opposed the motion to compel for several reasons, each without merit.

First, plaintiff's counsel argues that he has produced the missing medical records. In fact, he concedes that he has not produced records from Dr. Bandera and Dr. Steven Fried. Moreover, he argues that he has produced records from Grandview Hospital in Pennsylvania. Defendant respectfully disagrees. This minor dispute can and should be easily resolved, with the plaintiff sending the Grandview records to the defendant immediately.

Second, plaintiff's counsel argues that he need not produce any information concerning his subsequent injury because his "recollection is that the plaintiff testified at his deposition that he did not file a lawsuit against Red Roof Inn."

---

[1] The defendant entitled its motion "Third Motion to Compel." In fact, this was the defendant's fourth motion to compel outstanding discovery from the plaintiff.

PDF created with pdfFactory trial version www.pdffactory.com

Respectfully, the plaintiff must produce all medical records pertaining to his subsequent injury regardless of whether or not he has filed a lawsuit. And, the plaintiff must produce documents pertaining to any claim or lawsuit related to that lawsuit; his attorney's recollection is not a substitute for the plaintiff's own sworn response that he did or did not bring a lawsuit.

Third, plaintiff's counsel suggests that defense counsel has waited too long to obtain the information. In fact, defense counsel has been attempting to elicit the information for some time now. Three motions to compel have preceded the July 14, 2004 motion: *See* Motions dated June 26, 2002; September 9, 2002; and October 23, 2002. In a hearing on January 27, 2003, Judge Droney ordered the plaintiff to provide, within 30 days, all of the requested information. The plaintiff has never complied with that order.

## IV.    CONCLUSION

The plaintiff brings this case, not the defendant. Therefore, it is up to the plaintiff to pursue his claim. He must prove that his claimed injuries are causally connected to the alleged negligence of the defendant, yet he has failed to provide a complete picture of his medical treatment and has failed to show that his subsequent accident did not cause or partly cause his claimed injuries. He must substantiate his lost wages claim, yet he has failed to provide a complete picture of his wage losses. He must provide information about experts he intends to call at

PDF created with pdfFactory trial version www.pdffactory.com

trial, yet he has failed to disclose expert witnesses. In short, the plaintiff has failed to pursue his claim. If he does not wish to pursue his claim, he should withdraw his suit immediately. If he does wish to pursue his claim and go to trial, he should furnish all outstanding information immediately so that both parties may ready their cases for trial.

                        THE DEFENDANT: Supervalu, Inc.

By_____
        Jack D. Miller
        Regnier, Taylor, Curran & Eddy
        Cityplace, 28th Floor
        Hartford, CT  06103
        (860)249-9121
        Federal I.D. No.:  CT 05300

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE PELLEY | : | CIVIL ACTION NO. |
| Plaintiff | | |
| | : | 3:01CV1767 (CFD) |
| V. | | |
| SUPERVALU, INC. | | |
| Defendant | : | August 16, 2004 |

### **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, first class, postage prepaid on 16th day of August, 2004, to:

Attorney Warren L. Holcomb
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT 06460


_____

Jack D. Miller

PDF created with pdfFactory trial version www.pdffactory.com