UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**GEORGE PELLEY,**
      **- Plaintiff**

    v.                                                                NO. 3:01CV1767(CFD)

**SUPERVALU, INC.,**
      **- Defendant**

<u>**RULING ON DEFENDANT'S THIRD MOTION TO COMPEL**</u>

Pursuant to Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure, the defendant, Supervalu, Inc., requests that the plaintiff, George Pelley, be compelled to produce certain documents and materials requested during discovery.  (**Dkt. # 47**).  These documents and materials fall under four categories: (1) plaintiff's medical treatment and pre-existing conditions, (2) a lawsuit concerning an injury suffered after the subject accident, (3) wage information, and (4) expert witness information.  (<u>Id.</u>).  The defendant's motion is **GRANTED IN PART AND DENIED IN PART,** as set forth below.

**BACKGROUND**

The plaintiff commenced this negligence action against the defendant after an incident on October 19, 1999 in which the plaintiff was allegedly injured while unloading merchandise he was

delivering to the defendant's facility in Suffield, Connecticut. (Compl. ¶¶ 3-8). Mr. Pelley claims that he suffered injuries to his knees and back, medical costs in treating his injuries that he expects to incur for an indefinite time, and a loss of earnings, past, present and future. (Compl. ¶¶ 11, 13-14).

Rule 26(b)(1) of the Federal Rules of Civil Procedure states that

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1) (2004). Following a planning meeting held on December 26, 2001 in which a discovery deadline of October 31, 2002 was initially set, defense counsel served the plaintiff with discovery requests seeking complete records of the plaintiff's treatment for injuries allegedly due to the subject accident, information regarding the plaintiff's expert witnesses, documentation of lost wages, records pertaining to a personal injury lawsuit stemming from a subsequent accident, and records pertaining to certain pre-existing injuries. (D.'s Mem. Supp. Mot., 7/14/04, at 1). The plaintiff thereafter moved for, and was

granted, five extensions of time to complete discovery, the last resetting the discovery deadline to April 30, 2003. (Dkt. # 40). In a hearing held on the defendant's two prior motions to compel on January 27, 2003, Judge Droney ordered the plaintiff to provide, within thirty days, all of the requested information and signed medical authorizations directing treaters to provide records to defense counsel. (D.'s Mem. Supp. Mot., 7/14/04, at 3).[1] In response to Judge Droney's court order, plaintiff's counsel forwarded "voluminous" copies of medical records, including those listed in correspondence to defense counsel dated February 25, March 5, and May 19, 2003, attached as Exhibits A through C to Plaintiff's Memorandum in Opposition to Defendant's Third Motion to Compel, and contends that he "believes the defendant has already received all of the requested medical records." (Pl.'s Mem. Opp. Mot., 8/5/04, ¶ 3). Plaintiff's counsel claims not to have received another communication relating to medical records or tax returns for over a year, when he received a telephone call from defense counsel on June 18, 2004 requesting additional records that supposedly were not included in the copies previously provided. (Id.). Plaintiff's counsel received a letter from defense counsel three days later with nine medical authorizations enclosed requesting execution by the plaintiff. (Id.). Notwithstanding the

---

[1] The defendant's motions to compel, however, were denied. (Dkt. ## 25, 32).

expiration of the discovery deadline over a year earlier on April 30, 2003, the authorizations were duly executed by the plaintiff for the following nine providers: Dr. Stephen Sacks, Dr. Daniel L. Skubick, Upper Bucks Orthopaedic Association, Dr. Joseph Cipriano, Dr. Sherri Landes, Dr. John Esterhai, Dr. Steven Fried, Baystate Medical Center, and Grandview Hospital. (Id.). On July 14, 2004, defense counsel "received from plaintiff's counsel signed medical authorizations, but no other documentation."  (D.'s Mem. Supp. Mot., 7/14/04, at 3).

Plaintiff's Medical Treatment and Pre-Existing Conditions

Regarding discovery requests seeking complete records of the plaintiff's medical treatment and pre-existing conditions, the defendant claims that the following was not provided:

1. Records of Grandview Hospital in Pennsylvania
2. Records of Dr. Bandera
3. Records of Dr. Steven Fried
5. Follow-up records with Dr. John Esterhai (the last notation in a record provided to the defendant indicates that the plaintiff was scheduled for a Jan. 26, 2001 visit; no record of this visit has been provided)
6. Records from Baystate Medical Center, where the plaintiff went following the accident
7. Records from Dr. Sherri Landes for visits from Aug. 1999 - July 2000
8. Records from Dr. Hurley
9. Records from Dr. Foderara
10. Physical therapy records
11. Functional capacity evaluation referred to by Dr. Stephen Sacks
12. Prior medical records concerning plaintiff's history of low back problems, sciatica, and records

4

>     concerning a left leg injury which noted numbness
>     and tingling.

(Id. at 1-2). Defense counsel claims in a sworn affidavit that "[a]lthough [he] ha[s] received some Interrogatory responses and medical records from plaintiff's counsel, [he] still ha[s] not received from plaintiff's counsel[] many medical records . . . ." (D.'s Local Rule 37(a)(2) Aff. ¶ 3).

Referring now to the above list, defense counsel admits receiving medical authorizations relating to items 1, 3, 5, 6, 7, 10 and 11, but little or no actual documentation. The court finds that the plaintiff has complied with Judge Droney's order to the extent that the authorizations for these items were sufficient to permit the defendant to obtain the medical records it seeks. Plaintiff's counsel makes no mention in its opposition memorandum, however, of producing signed releases for Dr. Bandera, Dr. Hurley or Dr. Foderara, or for prior medical records concerning the plaintiff's history of low back problems, sciatica, and injury to his left leg. The plaintiff is hereby ordered to produce these materials.

### The Lawsuit Arising from a Subsequent Accident

Defense counsel asserts that records concerning a lawsuit which the plaintiff filed against Red Roof Inn for back injuries resulting from an incident on February 7, 2001, including pertinent

5

medical records, have not been received from the plaintiff. (D.'s Mem. Supp. Mot., 7/14/04, at 2). Plaintiff's counsel replies that his "recollection is that the plaintiff testified at his deposition that he did not file a lawsuit against Red Roof Inn." (Pl.'s Mem. Opp. Mot., 8/5/04, ¶ 4). Regardless of whether or not he has filed this lawsuit, the plaintiff is hereby ordered to produce signed authorizations for all medical records relating to any subsequent injuries that occurred on February 7, 2001. The plaintiff is also ordered to produce all documents pertaining to any claim that may have arisen from that incident, regardless of his attorney's recollection.

### Wage Information

Defense counsel claims in a sworn affidavit that he has not yet received wage loss information from plaintiff's counsel. (D.'s Local Rule 37(a)(2) Aff. ¶ 3). Since the plaintiff claims in his complaint to have suffered a loss of earnings, past, present and future (Compl. ¶ 13), he is hereby ordered to produce this information.

### Expert Witness Information

Defense counsel claims in a sworn affidavit that he has not yet received any information regarding the plaintiff's expert witnesses from plaintiff's counsel. (D.'s Local Rule 37(a)(2) Aff.

¶ 3).  The plaintiff is hereby ordered to produce this information as well.

For the foregoing reasons, the defendant's motion to compel is **GRANTED IN PART AND DENIED IN PART.**  This is not a recommended ruling.  This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges.  As such, it is an order of the court unless modified by the district judge upon motion timely made.  See 28 U.S.C. § 636(b) (written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED.**

Dated at Hartford, Connecticut this 10th day of November, 2004.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　**THOMAS P. SMITH**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**