UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE PELLEY | : | CIVIL ACTION NO. |
| Plaintiff | | |
| | : | 3:01CV1767 (CFD) |
| V. | | |
| SUPERVALU, INC. | | |
| `Defendant | : | FEBRUARY 10, 2006 |

## JOINT TRIAL MEMORANDUM

**1.   TRIAL COUNSEL**

The plaintiff George Pelley is represented by Warren L. Holcomb, 75 Broad Street, Milford, Connecticut 06460; telephone number: (203)783-1200.

The defendant, Supervalu, Inc., is represented by Jack D. Miller, 185 Asylum Street, Hartford, Connecticut 06103; telephone number: (860)249-9121.

**2.   JURISDICTION**

The court has jurisdiction over this action Pursuant to 28 U.S.C. Section 13-32 as the parties are of diverse citizenship.

**3.   JURY/NON-JURY**

The case will be tried to a jury.

### 4. NATURE OF CLAIM

### PLAINTIFF'S CLAIM

1.   The defendant negligently failed to properly service, repair and maintain the electric pallet jack.

2.   By reason of the defendant's failure to properly service, repair and maintain the pallet jack, the defendant had actual or constructive notice that the pallet jack was in a dangerous and defective condition and likely to malfunction.

3.   The plaintiff's injuries and losses were proximately caused by the defendant's negligence.

4.   The plaintiff was not negligent.

### DEFENDANT'S DEFENSES

1.   There was no negligence on the part of the defendant.

2.   To the extent that there is a finding of negligence on the part of the defendant, the plaintiff's own contributory negligence exceeds any negligence on the part of the defendant.

3.   The plaintiff's injuries and losses to the extent that they exist, were caused by his own negligence and carelessness.

### 5. STIPULATIONS OF FACT AND LAW

### Stipulations of Fact

1. The plaintiff, George Pelley is a resident of New Jersey;

2. Defendant, Supervalu is a corporation whose principal office is in the State of Minnesota;

3. On October 19, 1999 defendant, Supervalu operated a warehouse located at 1120 Harvey Lane, Suffield, Connecticut;

4. On October 19, 1999 the plaintiff, George Pelley was employed as a truck driver for Indian Valley Trucking, Inc.;

5. On October 19, 1999 at approximately 5:30 a.m., the plaintiff, George Pelley was unloading merchandise from his truck on behalf of Indian Valley Trucking, Inc.;

### Stipulations of Law

None.

**6.   PLAINTIFF'S CONTENTIONS**

On October 19, 1999, the plaintiff, a truck driver, was delivering a load of merchandise to the defendant's warehouse facility in Suffield, Connecticut. While the plaintiff was operating an electric pallet jack owned and maintained by the defendant, the plaintiff pushed the handle up to disconnect the dead man's switch to shut off the power and stop the pallet jack; however, the dead man's switch failed to activate causing the plaintiff to crash into a metal bar and severely injure his leg.

The electric rider pallet jack had not been serviced at all for more than a year prior to the date that it malfunctioned causing injury to the plaintiff. By reason of the defendant's failure to properly service, maintain and repair the subject electric pallet jack, the defendant was placed on actual constructive notice that it was in a dangerous condition.

**7.    DEFENDANT'S CONTENTIONS**

Defendant's contentions are:

1. The electric pallet jack involved in the incident was not defective, nor did defendant have any notice, actual or constructive of any defective condition that caused the plaintiff's injuries;

2. To the extent that plaintiff injured himself using the pallet jack, it was due to his own failure to properly operate the pallet jack;

3. Most if not all of the injuries and losses the plaintiff is claiming are not related to the incident that occurred at defendant Supervalu's warehouse

**8.    LEGAL ISSUES**

a. Plaintiff's negligence claim requires expert testimony if he is to prove:

1. That the pallet jack was defective;

2. To the extent that the plaintiff is claiming that the pallet jack was not maintained properly, expert testimony is required to establish the standard of care as well as what the requisite

standard of care or the industry standard was on the date of the incident. Barefoot v. Wal-Mart Stores, Inc., No. CV980408537 (May 29, 2002)(Arnold, J.).

3. To the extent the plaintiff is claiming that the defendant was negligent and that as a result of its negligence, the pallet jack was defective, the plaintiff must prove that he was injured by a specific defect and that the defendant had actual or constructive notice of that specific defect and not merely of conditions naturally productive of that defect. LaFaive v. Diloreto, 2 Conn. App. 58, 60 (1984); Colombo v. Stop & Shop Supermarkets, Co., 67 Conn. App. 62 (2001).

4. With respect to the issues of damages, expert medical testimony is required to establish causation;

5. To the extent that the plaintiff is claiming that he was unable to work due to his injuries, expert medical testimony is required to establish causation;

**9.    VOIR DIRE QUESTIONS**

**Plaintiff's Proposed Questions**

1. Do any of you feel or believe that people who are injured due to the carelessness of another should not be able to bring a civil lawsuit to recover monetary damages for personal injuries?

2. Are any of you opposed to the concept of monetary damages to compensate for pain and suffering and emotional distress?

3. Have you or has any member of your family ever been trained or worked as a mechanic or service technician?

4. If so, please generally describe the training you or they received and/or what the job consisted of.

**Defendant's Proposed Questions**

1. Has any member of the panel or a family member, ever worked in a warehouse or factory?

2. If the answer to the preceding question is yes, describe the warehouse or factory and job duties.

3. Has any member of the panel or a family member ever been injured in a warehouse/factory and job duties?

4. If the answer to the preceding question is yes, how did the injury occur?

5. Has any member of the panel or family member ever operated a pallet jack? If so, at what business establishment?

6. Has any member of the panel or a family member ever been injured using a pallet jack? If so, how did the injury occur?

7. Has any member of the panel or family member ever operated factory/warehouse equipment?

8. If the answer to the preceding question is yes, describe the factory/warehouse equipment.

9. Has any member of the panel or family member ever been injured using factory/warehouse equipment?

10. If the answer to the preceding question is yes, describe the factory/warehouse equipment and how the injury occurred.

11. Is any member of the panel or a family member skilled as a mechanic or technician?

12. If the answer to the preceding question is yes, describe the mechanical or technical skill the individual has.

13. Has any member of the panel or family member ever serviced/repaired equipment in a warehouse/factory?

14. If the answer to the preceding question is yes, describe the equipment in the warehouse/factory that was serviced/repaired.

15. Has any member of the panel or family member ever serviced/repaired electric pallet jacks? If so where?

16. Is there a member of the panel that believes that he or she will have any difficulty in fairly evaluating a claim between an individual and a corporation? If so, why?

17. Is any member of the panel familiar with Supervalu, Inc.? If so, what is the nature of that knowledge.

**10. LIST OF WITNESSES**

**WITNESSES TO BE CALLED BY PLAINTIFF**

1. George Pelley
   575 First Avenue
   New Brunswick, NJ  08902

   Plaintiff George Pelley will testify regarding the circumstances of his operation of the electric pallet jack on October 19, 1999 at the defendant's warehouse and the circumstances as to how it malfunctioned resulting in his leg being slammed and crushed against a metal railing. The plaintiff also testify regarding the nature and extent of the injuries that resulted from this incident, the medical care and treatment he received and the expenses incurred for the diagnosis, care and treatment of the injuries he suffered. The plaintiff will also testify regarding his background experience as a truck driver,

      his loss of earnings, and the activities he could no longer perform after this incident as well as other relevant matters.

2.     John L. Hensley,
    12 Prospect Hill Drive,
    East Windsor, Connecticut

      Mr. Hensley will be called as an adverse witness to testify regarding the infrequency of the preventive maintenance inspections performed by the defendant on the subject pallet jack and that there are no maintenance or repair records for the subject pallet jack between September 24, 1998 and December 24, 1999.  Mr. Hensley is further expected to testify that he does not know any reason why there would be no repair or maintenance records for that more than a year period with respect to the pallet jack which the plaintiff was operating at the time it malfunctioned and that he cannot explain why there are no such repair or maintenance records.

**WITNESSES TO BE CALLED BY DEFENDANT**

1.     Lewis Shamback, Facility Manager;
    92 Halls Pond Road
    Eastford, CT 06242

Mr. Shamback is expected to testify with respect to his background and years of employment at Supervalu, as well as his position with the company. He will provide some background into his work experience. He will explain the use of machinery such as pallet jacks during that time frame.

He will testify as to the manner in which the pallet jack operates including how the pallet jack brakes, he will also testify that there was no notice whatsoever of any defective condition with respect to pallet jack number FF215.

He will explain that when he began with the company it was known as Sweetlife Foods and then became Supervalu, Inc.

He will testify as to the procedures that are followed when an incident occurs involving a piece of equipment. He will also testify to the fact that the pallet jack was taken, inspected and found to be in good working order.

2. Richard O'Connor
   83 Wyben Road
   Westfield, MA 01085

It is expected that Mr. O'Connor will provide background into his employment and work at the Supervalu warehouse in Suffield, Connecticut. He will also explain that on October 19, 1999 he was the day shift supervisor at Supervalu. He will explain that after he became aware of Mr. Pelley having been injured, he inspected the pallet jack FF215 which Mr. Pelley was using to unload his truck. He will explain the inspection that he performed and that he found nothing defective about the

pallet jack. Rather, that it was in good running condition. He will explain that following his initial inspection, he drove his pallet jack to the maintenance department so that it could be checked out there as well. He will also testify that before Mr. Pelley was injured, there was no indication that there was anything wrong with pallet jack number FF215.

    3.    John Hensley
           12 Prospect Hill Drive
           East Windsor, CT 06088

It is expected that Mr. Hensley will provide information concerning his background experience and training as well as provide information concerning his work at Supervalu, his position with the company and his years of experience. He will explain that when he began with the company it was known as Sweetlife Foods and then became Supervalu, Inc.

It is expected that Mr. Hensley will testify with respect to his background, education and training as well as his work experience. He will testify with respect to the years of service at Supervalu (previously known as Sweetlife Foods). He will discuss his position with the company, his rank as a Class A mechanic and he was the maintenance shop foreman on the day of the incident on October 19, 1999.

He will discuss the service/maintenance and repair practice used for the Crown pallet jack model no FF215. He will discuss periodic maintenance that was performed on the pallet jack as well as his background and training in servicing

Crown Pallet jacks.  He will discuss how the pallet jack operates, as well as its braking systems and controls.  It is expected that he will testify with respect to the business circumstances at Supervalu for the year preceding the date of the incident as well as subsequent thereto.  He will also testify with respect to the inspection that he performed on the pallet jack following the incident of October 19, 1999.  He will explain who he checked the brakes, operated the pallet jack, and checked the electric systems.  He will indicate that there was no mechanical defect with the pallet jack whatsoever.  He will testify that he found a "flat spot" on a caster wheel which was not a dangerous condition.

He will also testify with respect to the fact that the pallet jack was properly maintained prior to the incident and that there was no notice of any defective condition.

He will also explain the periodic maintenance/repair records and their significance.

His opinions will be offered as an expert witness, in light of his education, training and experience.  His opinion was that the pallet jack was not defective.

**11.**    **EXHIBITS**

   **PLAINTIFF'S EXHIBITS**

   | Exhibit No. | Description |
   | --- | --- |
   | 1. | Crown Service Series PE Service & Parts Manual |

2. Sweet Life Foods Non-Employee Injury report of injury to George Pelley on 10/19/99.

3. Service records for 215FF Crown electric pallet jack from 3/8/95 to 12/18/95.

4. Service records for 215FF Crown pallet jack from 1/17/96 to 11/25/96.

5. Service records for 215FF Crown pallet jack from 1/2/97 to 7/22/97.

6. Service records for 215FF Crown pallet jack from 1/27/98 to 5/18/98.

7. Service records for 215FF Crown pallet jack dated 9/24/(no year indicated).

8. Service records for 215FF Crown pallet jack dated 2/23/99 (two pages).

9.-12. Four photographs of Crown Model #215FF electric pallet jack.

13. Medical bills from Academy Imaging

14. Medical bills from Acquasport Physical Therapy

15. Medical bills from Medical Center

16. Medical bills from Dr. Cipriano

17. Medical bills from Imagining Professionals

18. Medical bills from Dr. Landes

19. Medical bills from Mediquip, Inc.

20. Medical bills from Mercy Suburban General Hospital

21. Medical bills from Neurological Association

22. Medical bills from Northeast Imaging

23. Medical bills from Solomon Association

24. Medical bills from Upper bucks Orthopedic Association

25. Medical bills from Dr. Esterhai (University of PA Medication Center)

26. Medical bills from Pain Neurological Association, P.C.

27. Medical bills from The Headache/Pain Center of Bucks

28. Medical bills from Culmor Imaging MRI Center

29. Medical bills from Mercy Rehabilitation Studies

30. Letter from IRS dated 8/30/04 and IRS transcripts reflecting plaintiff's adjusted gross income for calendar years 1996, 1997, 1998 and 1999.

30. W-2 wage information for 1996, 1997, 1998 and 1999.

31. Life Expectancy Table – National Vital Statistics Department 11/10/04

**DEFENDANT'S EXHIBITS**

**Defendant's Exhibit No. 1** - Photographs of pallet jack;

**Defendant's Exhibit No. 2.** - Photographs of inside of warehouse;

**Defendant's Exhibit No. 3**. - Service records of electric pallet jack (both handwritten and computer generated)

12. **DEPOSITION TESTIMONY**

It is not anticipated that any witness will have to testify by deposition.

**13. REQUESTS FOR JURY INSTRUCTIONS**

Plaintiff's Proposed Jury Instructions attached.

Defendant's Proposed Jury Instructions attached

**14.    ANTICIPATED EVIDENTIARY PROBLEMS**

    1.    Motion in Limine to preclude introduction into evidence of plaintiff's medical bills; (Motion attached)

    2.    Motion in Limine to preclude plaintiff's testimony that the pallet jack was defective and to preclude any testimony with respect to appropriate maintenance of the pallet jack without expert testimony presented by the plaintiff; (motion attached)

    3.    Motion in Limine to preclude plaintiff's from testifying as to the "cause" of his injuries; (Motion is attached)

    4.    Depending on the ruling(s) of this Court with respect to questions of liability, defendant expects to file a motion for directed verdict at the close of the plaintiff's case.

**15.    PROPOSED FINDINGS AND CONCLUSIONS**

    Not applicable

**16.    TRIAL TIME**

    It is expected that this case will require approximately 3 days for evidence.

**17.    FURTHER PROCEEDINGS**

    Not applicable

**18.    ELECTION FOR TRIAL BY MAGISTRATE**

    Not applicable

### 19.     **STATEMENT TO JURY PANEL**

On October 19, 1999, defendant Supervalu, Inc. operated a food warehouse in Suffield, Connecticut.  On that date at approximately 5:30 a.m., the plaintiff George Pelley, who was employed as a truck driver for Indian Valley Trucking, Inc. was making a delivery of food to the warehouse.  He was unloading merchandise from his truck using an electric pallet jack owned by defendant Supervalu.  While operating a pallet jack, the plaintiff claims to have suffered various physical injuries.

The plaintiff claims that the defendant was negligent in failing to properly maintain, service and repair the pallet jack he operated that morning and as a result of the defendant's negligence, the pallet jack malfunctioned causing the plaintiff to strike a metal railing causing physical injuries, primarily to his knee and back.

Defendant Supervalu denies that it was negligent.  Rather, it claims that the pallet jack was not defective and that it was maintained properly.  Moreover, to the extent that the plaintiff was injured, Supervalu claims that it was plaintiff's own contributory negligence in failing to properly operate the pallet jack, that caused any injury he might have suffered.

**20.   VERDICT FORM**

### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE PELLEY<br>　　Plaintiff | : | CIVIL ACTION NO. |
| | : | 3:01CV1767 (CFD) |
| V. | | |
| SUPERVALU, INC.<br>Defendant | : | FEBRUARY 10, 2006 |

### DEFENDANT'S VERDICT FORM

We the jury, find the issues for the defendant Supervalu, Inc. against the plaintiff, George Pelley.

_____
Foreperson

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE PELLEY   Plaintiff | : | CIVIL ACTION NO. |
| | : | 3:01CV1767 (CFD) |
| V. | | |
| SUPERVALU, INC.   Defendant | : | FEBRUARY 10, 2006 |

## PLAINTIFF'S VERDICT FORM

In this case the jury finds the issues for the plaintiff, George Pelley and finds plaintiff's damages to be:

A. Economic Damages:                                $_____

B. Non-economic Damages:                            $_____

C. Total Damages                                    $_____
   (A+B)

D. Plaintiff's proportion to contribution to
   his own injuries and losses (0-50%)              _____%

E. Dededuction for plaintiff's negligent
   contribution, if any, to his own injuries
   and losses:                                      $_____
   (multiple C by D)

F. Total damages recoverable on
   plaintiff's negligence claim:                    $_____
   (subtract E from C)

_____
Foreperson