**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GEORGE PELLEY | : | CIVIL ACTION NO. |
| Plaintiff | | |
| | : | 3:01CV1767 (CFD) |
| V. | | |
| SUPERVALU, INC. | | |
| Defendant | : | FEBRUARY 10, 2006 |

**DEFENDANT'S JURY INSTRUCTIONS**

**Defendant's proposed instruction no. 1.**

**INSTRUCTIONS**[1]

**Members of the Jury:**

Now that you have heard all of the evidence and the arguments of counsel, it becomes my duty to give you the instruction of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned about the wisdom of any rule of law stated by me.

---

[1] 3 Devitt Blackman & Wolff, Federal Jury Practice and Instructions, Sec. 71.01 (1987).

**Defendant's Proposed Instruction Number 2:**

**Duty to Follow Instructions[2]**

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instruction of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case, you must not be swayed by bias, prejudice or favor as to any party.  Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion.  Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

---

[2] I.d.

**Defendant's Proposed Instruction Number 3**

**All persons equal before the law-organizations[3].**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A company is entitled to the same fair trial at your hands as is a private individual.  All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

---

[3] I.d. at Section 71.04

**Defendant's Proposed Instruction Number 4:**

**Consideration of the Evidence[4]**

As stated earlier, it is your duty to determine the facts, and in so doing, you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidenced in this case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and in doing so, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in this case. What the lawyers say is not binding upon you. If so, while you should consider only the evidence presented in court, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience. In other words, you may make deductions and reason conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and the evidence in the case.

---

[4] I.d. at Sections 71.08, 72.04

**Defendant's Proposed Instruction Number 5:**

**Credibility of Witnesses**[5]

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate. You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness you should consider his or her relationship to the defendant or to the plaintiff; his or her interests in the outcome of the case; his or her manner of testifying, his or her opportunity to observe or acquire knowledge concerning the facts about which he or she testified; his or her candor, fairness and intelligence; and to the extent that he or she has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

You should consider a witness' opportunity and ability to observe facts correctly and to remember them truly and accurately, and you should test the evidence each witness gives you by your own knowledge of human nature and the motives that influence and control human actions. You may consider the reasonableness of the what the witness says or the consistency or inconsistency of his or her testimony. You may consider his or her testimony in relation to facts that you find to have been otherwise proven. You may believe all of what a witness tells

---

[5] I.d. at Section 73.01

you, some of what a witness tells you or none of what a particular witness tells you. You need not believe any particular number of witnesses and you may reject uncontradicted testimony if you find it reasonable to do so. In short, you are to apply the same considerations and use the same sound judgment and common sense that you use for questions of truth and voracity in dealing life.

**Defendant's Proposed Instruction Number 6**

**Impeachment[6]**

A witness may be discredited or "impeached," by showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said something which is inconsistent with the witness' testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, as you may think it deserves.

---

[6] I.d. at Section 73.04

**Defendant's Proposed Instruction Number 7:**

**Burden of Proof**[7]

In a civil action such as this, the party asserting the claim has the burden of proving every essential element of its claim by a "preponderance of the evidence." If a preponderance of the evidence does not support each essential element of its claims, then you, the jury, should find for the party against whom the claim is made.

A preponderance of the evidence means such evidence as, when considered and compared in your mind, forms a belief that what is sought to be proved is more probably true than not true. In other words, to establish a claim by a "preponderance of the evidence" means to prove that the claim is more likely true than not true.

---

[7] I.d at Section 72.01

**Defendant's Proposed Instruction Number 8:**

**Liability As to Defendant**

In order for the plaintiff to recover in this case, he must prove: a) that the defendant maintained control of the specific area or apparatus upon which he was injured; b) that there existed on said specific area or specific apparatus the specific defect alleged in the complaint, namely, that the braking mechanism did not work or that the automatic "shut off" mechanism was inoperable; c) that this defective condition had existed for a sufficient length of time to give notice to the defendant; and d) that the defendant did have actual or constructive knowledge of the defect.

However, you should keep in mind that a property owner or one who controls the property is not an insurer of the persons upon its property against the possibility of injury by reason of snow or ice thereon. The duty of the defendant was to use reasonable care to maintain the property in a reasonably safe condition under the circumstances. Mere proof of the presence of a defective condition does not necessarily show a breach of the defendant's duty to use reasonable care, nor does it show that the property in question was not reasonably safe of the purposes intended.

The plaintiff cannot recover unless he proves that the defendant had actual knowledge of the presence of the specific defect which he complains was unsafe or

that the unsafe condition had existed for such a long period of time that the defendant could be charged with constructive knowledge of it. Constructive notice means that the defendant was chargeable with notice of it because, had it exercised a reasonable inspection of the premises, it would have discovered any unsafe conditions. The knowledge, whether actual or constructive, must be of the specific defective condition which caused the injury and not merely of conditions naturally productive of that defect, even though subsequently, in fact, producing it.

On the question of the defendant's notice of the alleged unsafe condition of the property, your consideration must be confined to the defendant's knowledge and realization of the specific condition causing the injury, and such knowledge cannot be found to exist from a knowledge of the general or overall conditions obtaining on the premises.

Where there is evidence that a dangerous condition has existed for a reasonable length of time, this will support a claim of constructive notice. Evidence which goes no further than to show a presence of a general failure to maintain does not, by itself, warrant an inference of constructive notice to the defendant.

It was the plaintiff's duty to be watchful of his surroundings and of the way in which he was going, and to exercise ordinary care both to avoid dangers known to him and to discover dangers or conditions of danger to which he might become exposed.

*Roberto Rodriguez v. Putnam Park Associates, et al*
Docket No. CV 93-0526540-S, Judicial District, Hartford/at Hartford
(from May 13, 1996 charge given by Judge Aurigemma).
See copy of the complete charge attached.

*Marvin Harris v. Virginia Butler*
Docket No. CV-02-0089223, Judicial District of Litchfield (from May 18, 2004 charge given by Judge Robert C. Brunetti.

*Monahan v. Montgomery,* 153 Conn. 386, 390 (1966)

**Defendant's Proposed Instruction Number 9:**

**Proximate Cause**

Even though you should find that the defendant was negligent, that would not necessarily afford the basis for recovery by the plaintiff. The plaintiff must go further: he must prove to you by a fair preponderance of the evidence that the negligence of the defendant in one or more of the ways claimed caused the injury. Much learning has been expended by courts of law in attempting to arrive at a correct and reasonably understandable test for determining whether the negligence of a party was the cause of the injuries resulting from a happening and our Supreme Court has formulated a brief test in a brief statement which it felt could be understood and applied by the average man. It is this: was the negligence a substantial factor in producing those injuries?

When an event produces a result which follows in natural sequence, it may be said that the event is the cause of the result. By natural sequence, I mean a sequence which proceeds in accordance with the common experiences of life. Not only must the plaintiff prove that the defendant was negligent, but he must also prove that such negligence was a substantial factor in bringing about the injuries he suffered; or to state it in another way, that the negligence was adapted to produce or aid in producing those injuries in a natural sequence. It follows from this that, if

the accident would have happened even though the defendant had not been negligent, his negligence cannot be held to be a cause of the accident.

In this case, the defendant has alleged in his Special Defense that it was the plaintiff's own conduct that that was the proximate cause of his injuries. Accordingly, if you find that the defendant was negligent but that the defendant's negligence was not the proximate cause of the accident and that the plaintiff was himself negligent, and that his negligence was a proximate cause of his fall, then the plaintiff cannot recover from the defendant.

Connecticut Jury Instructions (Civil) Fourth Edition, Volume I, Section 110;
*Roberto Rodriguez v. Putnam Park Associates, et al*
Docket No. CV 93-0526540-S, Judicial District, Hartford/at Hartford
(from May 13, 1996 charge given by Judge Aurigemma).
See copy of the complete charge attached.

**Defendant's Proposed Instruction Number 10:**

**Comparative Negligence**

As I have explained, the plaintiff has claimed that the incident was caused by the defendant's negligence and the defendant has claimed that it was caused by the plaintiff's own negligence. If you find that negligence on the part of BOTH parties was a substantial factor in causing the incident, then the law is that the plaintiff can recover damages from the defendant only to the extent of the defendant's fault. The plaintiff may not recover damages to the extent that he himself was at fault.

If the plaintiff was more at fault than the defendant, then the plaintiff cannot recover any damages.

Here is an example to make this rule clear: If the plaintiff was 20% at fault and the defendant was 80% at fault, the plaintiff recovers 80% of his damages. If the plaintiff was 50% at fault and the defendant was 50% at fault, the plaintiff recovers 50% of his damages. However, if the plaintiff was more than 50% at fault, he was more at fault than the party he has sued, and he recovers no damages.

Just as an example, suppose the plaintiff's total damages were $100. If the plaintiff was 30% at fault and the defendant was 70% at fault, the plaintiff would recover 70% of the $100, or $70. The plaintiff would thus not receive payment for

the part of his damages caused by their own negligence. Obviously, the numbers used are just for the sake of an example. I could have used $10,000 or $10 million.

Connecticut Jury Instructions, Section 2-40, revised 12/31/98

See http://www.jud.state.ct.us/CivilJury/2-40.htm.

SUBMITTED BY THE PLAINTIFF,
George Pelley


By_____
Warren L. Holcomb, Esq.                    _____
Berchem, Moses & Devlin, P.C.              Date
75 Broad Street
Milford, CT 06460


SUBMITTED BY THE DEFENDANT,
SUPERVAU, INC.

By_____              _____
Jack D. Miller                            Date
Regnier, Taylor, Curran & Eddy
Cityplace, 28th Floor
Hartford, CT  06103
(860)249-9121
Federal I.D. No.:  CT 05300