UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE PELLEY | : | Civil Action No. |
| plaintiff | : | 3:01 CV 1767 (CFD) |
| | : | |
| v. | : | |
| | : | |
| SUPERVALU, INC. | : | |
| Defendant | : | February 10, 2006 |

<u>PLAINTIFF'S JURY INSTRUCTIONS</u>

**<u>PLAINTIFF'S PROPOSED CHARGE TO THE JURY</u>**

　　　　Pursuant to Rule 51 of the Federal Rules of Civil Procedure and this Court's Pre-

trial Order, the plaintiff, George Pelley, submits the following proposed jury

instructions all of which are based on the Connecticut Superior Court model jury

instructioins.  The plaintiff reserves his right to amend these proposed instructions in

response to events which occur during the course of the trial.

NEGLIGENCE

1.      Negligence is the violation of a legal duty which one person owes to another to care for the safety of that person or that person's property.

Sharkey v. Skilton, 83 Conn. 503, 508 (1910)

2.      Common law negligence is the failure to use reasonable care under the circumstances.  Reasonable care is the care that a reasonably prudent person would use in the same circumstances.

Hoelter v. Mohawk Services, Inc., 170 Conn. 495, 501 (1976).

3.    In determining the care that a reasonably prudent person would use in the same circumstances, you should consider all of the circumstances which were known or should have been known to the defendant at the time of the conduct in question.  Whether care is reasonable depends upon the dangers that a reasonable person would perceive in those circumstances.  It is common sense that the more dangerous the circumstances, the greater the care that ought to be exercised.

Galligan v. Blais, 170 Conn. 73, 77 (1976); Pleasure Beach Park Co. v. Bridgeport Dredge & Dock Co., 116 Conn. 496, 503 (1933); Geoghegan v. G. Fox & Co., 104 Conn. 129, 134 (1926)

4.    The plaintiff alleges that the defendant was negligent and breached its duty by:  (a) failing to warn plaintiff of the defective condition of the electric pallet jack; (b) failing to properly maintain the jack in a safe operating condition; and (c) failing to properly inspect the operating jack.   The plaintiff further claims that he suffered as a result of the negligence of defendant severe and permanent injuries to his left and right knee, including the crush type injury to the right knee, damage to his lumbar spine, some or all of which are or may be permanent in nature.

To prove negligence, it is not necessary for the plaintiff to prove that the defendant was negligent in all of the ways claimed.  Proof that the defendant was negligent in just one of the ways claimed is sufficient to prove negligence.

5.     By way of special defense, the defendant claims that the plaintiff was negligent in a number of specific ways.  To prove negligence, it is not necessary for the defendant to prove that the plaintiff was negligent in all of the ways claimed. Proof that the plaintiff was negligent in just one of the ways claimed is sufficient to prove negligence.

CAUSATION

1.      If you find that the defendant was negligent in any of the ways alleged in the plaintiff's complaint, you must next decide if such negligence was a legal cause of any of the plaintiff's claimed injuries.  Legal cause has two components: cause in fact and proximate cause.

Doe v. Manheimer, 212 Conn. 748, 757 (1989); 2 Restatement (Second), Torts §430 (1965).

2.      A cause in fact is an actual cause.  The test for cause in fact is, simply "Would the injury have occurred were it not for the defendant's negligence?"  If your answer to this question is "yes", then the defendant's negligence was not a cause in fact of the plaintiff's injuries.

Doe v. Manheimer, 212 Conn. 748, 757 (1989); Shaughnessy v. Morrison, 116 Conn. 661, 666 (1933).

3.    Negligent is a proximate cause of an injury if it was a substantial factor in bringing about the injury.

Pion v. Anderson, 112 Conn. 300, 301 (1930); Mahoney v. Beatman, 110 Conn. 184, 185 (1929); Mather v. Griffin Hospital, 207 Conn. 125, 130 (1988)

4.      Negligence is a substantial factor in bringing about an injury if it contributes materially to the production of the injury.

Negligence contributes materially to the production of an injury if its causative effects remain in active operation until the moment of injury or at least until the setting motion of the final active injurious force which immediately produces or precedes the injury.  By this definition, negligence which makes only a remote, a trivial or an inconsequential contribution to the production of an injury is not a substantial factor in bringing about the injury, and thus is not a proximate cause of the action.

Doe v. Manheimer, 212 Conn. 748, 757-58 (1989) (quoting Kowal v. Hohfer, 181 Conn. 355, 359-60 (1980));  1 Harper & James, Torts §20.4,p. 1133; Ferndale Dairy, Inc. v. Geiger, 167 Conn. 533, 538 91975); Smiroff v. McNerney, 112 Conn. 421, 424-26 (1930); Coogan v. Aeolian Co., [87 Conn. 149], 156 (1913); Mahoney v. Beatman, 110 Conn. 184, 198-99 (1929).

5.    To prove that an injury is a reasonably foreseeable consequence of negligent conduct, a plaintiff need not prove that the defendant actually foresaw or should have foreseen the extent of the harm suffered or the manner in which it occurred.  Instead, the plaintiff must prove that it is a harm of the same general nature as that which a reasonably prudent person in the defendant's position should have anticipated, in view of what the defendant knew or should have known at the time of the negligent conduct.

Mehri v. Becker, 164 Conn. 516, 521 (1973); Restatement (Second) 2 Torts §435(1).

<u>COMPARATIVE NEGLIGENCE</u>

1.      In this case the defendant has filed a special defense alleging that the plaintiff's injuries were legally caused by the plaintiff's own negligence.  The defendant must prove the elements of this special defense by a preponderance of the evidence.  Specifically, the defendant must prove that the plaintiff was negligent in one or more of the ways specified in the special defense and that such negligence was a legal cause of any of the plaintiff's injuries.

2.     The special defense filed by the defendant alleges a number of specific ways in which the plaintiff was negligent.  I will read these specific allegations to you shortly.  To establish that the plaintiff was negligent, it is not necessary for the defendant to prove all of these specific allegations.  The proof of any one of these specific allegations is sufficient to prove negligence.

3.     I have previously instructed you that the defendant is under the obligation to exercise the care which a reasonably prudent person would use under the circumstances.  The plaintiff is also under the same obligation.  A plaintiff is negligent if the plaintiff does something which a reasonably prudent person would not have done under similar circumstances; or fails to do that which a reasonably prudent person would have done under similar circumstances.

4.       As I have explained, the plaintiff has claimed that the incident was caused by the defendant's negligence and the defendant has claimed that it was caused by the plaintiff's own negligence.  If you find that negligence on the part of both parties was a substantial factor in causing the incident, then the law is that the plaintiff can recover damages from the defendant only to the extent of the defendant's fault and may not recover damages to the extent that he himself was at fault.

If the plaintiff was more at fault than the defendant, then the plaintiff cannot recover any damages.

Here is an example to make this rule clear:  If the plaintiff was 20% at fault and the defendant was 80% at fault, the plaintiff recovers 80% of his damages. If the plaintiff was 50% at fault and the defendant 50% at fault, the plaintiff recovers 50% of his damages.  However, if the plaintiff was more than 50% at fault, he was more at fault than the party he has sued, and he recovers no damages.

Just as an example, suppose the plaintiff's total damages were $100. If the plaintiff was 30% at fault, and the defendant was 70% at fault, the plaintiff would recover 70% of the $100, or $70.  The plaintiff would thus not receive

payment for the part of his damages caused by his own negligence.  Obviously, the numbers used are just for the sake of an example.  I could have used $10,000 or $10 million.

<u>DAMAGES</u>

1.      The rule of damages is as follows.  Insofar as money can do it, the plaintiff is to receive fair, just and reasonable compensation for all injuries and losses, past and future, which are proximately caused by the defendant's proven negligence.  Under this rule, the purpose of an award of damages is not to punish or penalize the defendant for its negligence, but to compensate the plaintiff for its resulting injuries and losses.  You must attempt to put the plaintiff in the same position, as far as money can do it, that he/she would have been in had the defendant not been negligent.

Our laws impose certain rules to govern the award of damages in any case where liability is proven.  Just as the plaintiff has the burden of proving liability by a fair preponderance of the evidence, it has the burden of proving entitlement to recover damages by a fair preponderance of the evidence.  To that end, the plaintiff must prove both the nature and extent of each particular loss or injury for which it seeks to recover damages and that the loss or injury in question was proximately caused by the defendant's negligence.  You may not guess or speculate as to the

nature or extent of the plaintiff's losses or injuries.  Your decision must be based on reasonable probabilities in light of the evidence presented at trial.  Injuries and losses for which the plaintiff should be compensated include those it has suffered up to and including the present time and those he/she is reasonably likely to suffer in the futur\e as a proximate result of the defendant's negligence.  Negligence, as I previously instructed you, is a proximate cause of a loss or injury if it is a substantial factor in bringing that loss or injury about.

Once the plaintiff has proved the nature and extent of its compensable injuries and losses, it becomes your job to determine what is fair, just and reasonable compensation for those injuries and losses.  There is often no mathematical formula in making this determination.  Instead, you must use human experience and apply sound common sense in determining the amount of your verdict.

In a personal injury action, there are two general types of damages with which you must be concerned:  economic and noneconomic damages. Economic damages are monies awarded as compensation for monetary losses and expenses which the plaintiff has incurred, or is reasonably likely to incur in the

future, as a result of the defendant's negligence.  They are awarded for such things as the cost of reasonable and necessary medical care, diagnosis and treatment and lost earnings.  Noneconomic damages are monies awarded as compensation for non-monetary losses and injuries which the plaintiff has suffered, or is reasonably likely to suffer in the future, as a result of the defendant's negligence.  They are awarded for such things as physical pain and suffering, mental and emotional pain and suffering, and loss of diminution of the ability to enjoy life's pleasures.

I will now instruct you more particularly on economic damages.  In this case, the plaintiff seeks to recover economic damages for each of the following types of monetary losses or expenses:  (1) expenses for medical diagnosis, care and treatment; (2) loss of earnings; (3) loss of earning capacity; and (4) loss of future earnings.

The plaintiff is entitled to recover the reasonable value of medical care and expenses incurred for the treatment of injuries sustained as a result of the defendant's negligence.  The plaintiff must prove that the expenses he claims were reasonably necessary and proximately caused by the defendant's negligence.

The plaintiff is also entitled to recover any loss of earnings or earning capacity that he proves to have been proximately caused by the defendant's negligence.  With respect to lost earnings up to the present time, the plaintiff must prove that the defendant's negligence has prevented him from receiving the earnings for which he seeks compensation.  He must do so by establishing a reasonable probability that his injury brought about a loss of earnings.  The evidence must establish a basis for a reasonable estimate of that loss.

The plaintiff is also entitled to damages for the loss of future earnings based upon the evidence as to what he probably could have earned but for the harm caused by the defendant's negligence and as to what the plaintiff can now earn through the earning period of his life.

Let me know turn to noneconomic damages.  In this case, the plaintiff seeks to recover noneconomic damages for each of the following type of non-monetary losses or injuries:    physical pain and suffering, mental and emotional suffering, inability to engage in certain recreational activities and continuous suffering and permanent impairment or inability to fully use his leg and back.

A plaintiff who is injured by the negligence of another is entitled to be compensated for all physical pain and suffering, mental and emotional suffering, permanent impairment or loss of function that he/she proves by a fair preponderance of the evidence to have been proximately caused by the defendant's negligence.  As far as money can compensate the plaintiff for such injuries and their consequences, you must award a fair, just and reasonable sum.  You simply have to use your own good judgment in awarding damages in this category.  You should consider the nature and duration of any pain and suffering that you find.

A plaintiff who is injured by the negligence of another is entitled to be compensated for mental and emotional suffering caused by the defendant's negligence for the results which proximately flow from it in the same manner as he is for physical suffering.

You should consider, as a separate category for awarding damages in this case, the length of time the plaintiff was, or will probably be, disabled from engaging in activities which he enjoys.

If you find that it is reasonably probable that he has suffered permanent physical harm or loss of function, the plaintiff is entitled to be

compensated for that category of injury.  Your award should be in accordance with the nature and extent of such physical impairment or loss of function and the length of time he is reasonably expected to endure its negative consequences.

3.     The plaintiff claims that he has suffered an increased risk of his knee bucling and falling down as a result of the defendant's negligence.  The plaintiff is entitled to recover damages for physical harm resulting from a failure to exercise reasonable care.  If the failure to exercise reasonable care increases the risk that such harm will occur in the future, the plaintiff is entitled to compensation for the increased risk.  In order to award this element of damages, you must find a breach of duty that was a substantial factor in causing a present injury which has resulted in an increased risk of future harm.  The increased risk must have a basin in the evidence.  Your verdict may not be based on speculation.  The plaintiff is entitled to compensation to the extent that the future harm is likely to occur as measured by multiplying the total compensation to which the plaintiff would be entitled if the harm in question were certain to occur by the proven probability that the harm in question will in fact occur.

Marchetti v. Ramirez, 240 Conn. 49, 55 (1997); , 240 Conn. 49, 55 (1997); Seymour v. Carcia, 221 Conn. 473, 481 n.7 (1992); Petriello v. Kalman, 215 Conn. 377, 392 n.7, 397-98 (1990).