**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GEORGE PELLEY | : | CIVIL ACTION NO. |
| Plaintiff | | |
| | : | 3:01CV1767 (CFD) |
| V. | | |
| SUPERVALU, INC. | | |
| Defendant | : | February 9, 2006 |

**MOTION IN LIMINE TO PRECLUDE LAY WITNESS**
**TESTIMONY RE: DEFECT & STANDARD OF CARE**

**I.     BACKGROUND**

This premises liability action stems from an incident on October 19, 1999 in which the plaintiff allegedly suffered injury while using the defendant's pallet jack to unload merchandise he delivered to the defendant's facility in Suffield, Connecticut. Complaint, Feb. 21, 2001.

At trial, the plaintiff will not offer any expert witnesses and will not claim to be an expert on pallet jacks.  However, he plans to testify about:

1. What a pallet jack is, how it looks and works, for what purpose he used it that day, and what happened when he used it on that day.

2. Due to a defect in the automatic shut off and braking mechanism on this particular pallet jack, the plaintiff sustained injuries.

    3.    The defendant failed to warn him of the defect and failed to properly maintain the pallet jack.

The plaintiff will offer **no** evidence of a specific defect in the pallet jack apart from his opinion that it was defective because it did not shut off when he used it. Furthermore, he will offer **no** evidence of the standard of care for maintaining pallet jacks, apart from his opinion that it was no properly maintained because it did not shut off when he used it. These opinions are not admissible. and, therefore, the defendant moves to preclude this expected testimony at trial.

## II.  ARGUMENT

The plaintiff is not disclosed as an expert on pallet jacks and their maintenance. Therefore, his opinions are not admissible under Rule 702 of the Federal Rules of Evidence. The plaintiff is a lay witness. As such, his testimony in the form of opinions or inferences is limited "to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." Fed. R. Evid. 701; *see also United States v. Rea,* 958 F.2d 1206, 1215 (2d Cir. 1992); *United States v. Urlacher,* 979 F.2d 935, 939 (2d Cir, 1992).

Opinions are "rationally based" if based on the witness's first-hand knowledge or observation. *United States v. Urlacher, supra* (quoting Fed. R. Evid. 701 advisory committee's note). Opinions are "helpful" if required help the jury resolve factual issues. Fed. R. Evid. advisory committee's note.

Generally, lay witnesses must testify only to facts, and must allow the jury to draw its own conclusions and opinions. Only where a witness cannot clearly and adequately communicate facts to the jury may he offer his impressions, conclusions and opinions formed from such facts and circumstances. *Lewis v. W.T. Grant Co.*, 129 F. Supp. 805 (D.C.W.V. 1955). "The opinion of a lay witness is not admissible when all of the facts and circumstances upon which it is based are capable of being clearly defined, so that jury may readily reach its own opinions therefrom." 31A Am. Jur. 2d *Expert & Opinion Evidence* sec. 17 (2005).

The plaintiff may testify about what a pallet jack is, how it looks and for what purpose he used it, and what happened when he used it on that day. These are facts he personally observed; he can easily communicate them to the jury. What he may not do is opine that the pallet jack was "defective." The jury must be permitted to form its own opinions and conclusions about the whether or not the pallet jack was defective.

Similarly, the plaintiff may testify about steps which the defendant took to maintain the pallet jack prior to the subject accident, but only if he personally

observed or perceived those facts. He can easily communicate that information to the jury. What he may not do is opine or suggest that what the defendant should have done something more to maintain the pallet jack, or that the defendant was negligent for failing to do so. The jury must be permitted to form its own opinions and conclusions about whether the defendant did enough and whether the defendant was negligent if failing to do more.

### III.    CONCLUSION

For the foregoing reasons, the defendant moves in limine to preclude the plaintiff from offering any opinion testimony that the pallet jack was defective and/or not properly maintained.