UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GEORGE PELLEY           :        CIVIL ACTION NO.
   Plaintiff
                                              :        3:01CV1767 (CFD)

V.

SUPERVALU, INC.
   Defendant           :        February 9, 2006

## MOTION IN LIMINE TO PRECLUDE
## PLAINTIFF'S ALLEGED MEDICAL BILLS

**I.   BACKGROUND**

This negligence action stems from an incident on October 19, 1999 in which the plaintiff allegedly suffered injury while unloading merchandise he delivered to the defendant's facility in Suffield, Connecticut. Complaint, Feb. 21, 2001. At trial, the plaintiff does not plan to offer any medical records concerning treatment of any alleged injuries, and also does not plan to offer testimony of any treating physician or other medical expert. Instead, he plans to offer copies of bills showing expenses incurred for treatment of his alleged injuries.

The defendant moves to preclude these bills from evidence for the following three reasons: First, the plaintiff cannot authenticate the documents. Second, the documents are inadmissible hearsay. Third, unaccompanied by the medical records and medical testimony needed to link these purported expenses to any

injury actually sustained in the October 19, 1999, incident, the documents are irrelevant and also highly prejudicial. For any and all of these reasons, the bills must be excluded from evidence.

## II.     ARGUMENT

### A.     Plaintiff Will Not Authenticate The documents

A document cannot be admitted into evidence unless it is properly authenticated by submission of evidence sufficient to show that the document is what its proponent claims it to be. Fed. R. Evid. 901(a). There are several methods of authenticating documents. Fed. R. Evid. 901(b). The instant plaintiff plans to employ none of these methods and, instead, hopes to offer the bills and his own testimony that these are his bills. A witness with knowledge may authenticate a document by stating what it is. Fed. R. Evid. 901(b)(1). However, the plaintiff has no greater knowledge of the source, creation, reliability of these bills than any other person. If the plaintiff were permitted to authenticate the bills in this manner, than the authentication requirement would be meaningless; every litigant in federal court could simply authenticate every piece of documentary evidence by testifying that the document is as he describes.

Unless and until this plaintiff demonstrates that he will properly authenticate the bills, they must be excluded from evidence.

### B.   Bills Are Inadmissible Hearsay; Plaintiff Offers No Foundation For Their Admission

Even if the plaintiff could properly authenticate the bills, he would still have to show that they are admissible under the other rules of evidence, including those governing hearsay. *See, e.g., Raphaely Int'l, Inc. v. Waterman S.S. Corp.,* 972 F.2d 498, 502 (2d Cir. 1992). The plaintiff will offer the bills as evidence of the matters written therein, that is, as evidence of expenses incurred in treatment his alleged injuries. As such, they fall squarely within the definition of hearsay and are inadmissible unless shown to fall within an exception to the rule. Fed. R. Evid. 801 & 802.

The plaintiff may argue that the bills are admissible under the following business records exception to the hearsay rule:

> **(6) Records of regularly conducted activity.** A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, ***all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification,*** unless the source of the information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

(Emphasis added). Fed. R. Evid. 803(6). The bills cannot be admitted unless the plaintiff first lays the proper foundation. *See* highlighted portion, above.

To lay the proper foundation, the plaintiff must invoke one of the listed certification methods, or call the custodian of the records or a qualified witness to testify at trial. None of the certification methods apply here. Moreover, no custodian of the bills or qualified witness is expected to testify at trial on behalf the plaintiff. Instead, the plaintiff will try to lay the foundation rule by testifying that these are his bills. He is not a "qualified witness." To be qualified in this regard, a witness need not be the person who prepared the record. *See United States v. Moore,* 923 F.2d 910, 915 (1st Cir.1991). The witness also need not have personal knowledge of the entries in the records. *See United States v. Lawrence,* 934 F.2d 868, 870 (7th Cir.1991). However, he must have knowledge of the procedures under which the records were created. *See United States v. Wables,* 731 F.2d 440, 449 (7th Cir.1984). Since the plaintiff knows nothing of the procedures under which the bills were created, and can speak only to the circumstances surrounding his receipt of the bills, he is not qualified to and the bills are inadmissible hearsay and must be excluded from evidence at trial.

### C. No Evidence Links Any Particular Bill To Any Injury Allegedly Sustained In The Subject Accident

Even if the court were to rule that the bills are both authenticated and admissible under the business records exception, the court would still be required to exclude them because they are either irrelevant or of little relevance but highly prejudicial to the defendant. Fed. R. Evid. 402 or 403.

Evidence is relevant if has the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. The plaintiff will offer the disputed bills to prove that he incurred certain expenses for treatment of injuries suffered in the subject accident. Do the bills, standing alone, prove that fact? No. At most, they show that on numerous occasions **after** the subject accident, the plaintiff received unspecified treatment for injuries. However, they do not identify which treatments were needed for injuries sustained in the subject accident, and which were needed for injuries sustained in the plaintiff's later, unrelated accident. Without medical records to explain the injuries, diagnoses, treatment, and prognosis, and without medical testimony linking the bills to the subject accident (as opposed to the later, unrelated accident), the bills do not prove that any one expense was incurred due to the subject accident. Unless and until the jury can observe the full record of the plaintiff's treatment and hear medical

Case 3:01-cv-01767-CFD   Document 64   Filed 02/10/2006   Page 6 of 8

testimony linking that treatment to the subject accident, the bills are not relevant and cannot be admitted.

Even if the bills – standing alone -- were somehow relevant to the issue of damages, they should still be excluded because their probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury. Fed. R. Evid. 403. If permitted to see the bills without any medical records and medical testimony, the jury might easily assume the bills accurately reflect the damages caused by the subject accident. Although of little or no probative value on their own, the bills might appear compelling on the issue of damages. The defendant would be unfairly prejudiced in its efforts to challenge damages.

In short, if the plaintiff hopes to prove damages in the form of medical expenses, he must prove that he sustained injuries in the subject accident (as opposed to his later accident), and must do so by offering his medical records and medical testimony linking his treatment with the alleged expenses. He should not be permitted bypass that burden of proof merely by placing before the jury a series of documents that only he will identify as his bills.

For the foregoing reasons, the court should exclude the bills under Fed. R. Evid. 401 or 403.

### III.	CONCLUSION

For any and all of the foregoing reasons, the defendant respectfully moves in limine for the exclusion of the purported bills from evidence.

                           THE DEFENDANT: Supervalu, Inc.

By_____
           Jack D. Miller
           Regnier, Taylor, Curran & Eddy
           Cityplace, 28th Floor
           Hartford, CT  06103
           (860)249-9121
           Federal I.D. No.:  CT 05300

**UNITED STATES DISTRICT COURT**
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE PELLEY | : | CIVIL ACTION NO. |
| Plaintiff | | |
| | : | 3:01CV1767 (CFD) |
| V. | | |
| SUPERVALU, INC. | | |
| Defendant | : | FEBRUARY 9, 2005 |

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, first class, postage prepaid on 9th day of February 2006 to:

Attorney Warren L. Holcomb
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT 06460

_____
Jack D. Miller