UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE PELLEY | : | CIVIL ACTION NO. |
| Plaintiff | | |
| | : | 3:01CV1767 (CFD) |
| V. | | |
| SUPERVALU, INC. | | |
| `Defendant | : | March 3, 2006 |

PLAINTIFF'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT'S MOTION IN LIMINE
TO PRECLUDE PLAINTIFF'S MEDICAL BILLS

A.   Authentication

Fed.R.Evid. 901(a) provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."  The requirement of authentication is intended to prevent the introduction of forgeries into evidence.  Rule 901 "does not erect a particularly high hurdle," and that hurdle that may be cleared by "circumstantial evidence."  United States v. Dhinsa, 243 F.3d 635, 658-59 (2d Cir. 2001) (internal citation and quotation marks omitted).  A district court has broad discretion to determine whether a piece of evidence has been properly authenticated.  United States v. Tropeano, 252 F.3d 653, 661 (2d Cir. 2001).  Rule 901 requires only that "sufficient proof has been

introduced so that a reasonable juror could find in favor of authenticity…" <u>United States v. Pluta</u>, 176 F.3d 43, 49 (2d Cir. 1999).

Under Rule 901(4) one of the non-exhaustive ways in which a document or other item may be authenticated is its distinctive contents taken in conjunction with other circumstances.  The plaintiff can authenticate medical bills for his diagnosis, treatment and the medical tests conducted on him by testifying, for example, that his was treated by Dr. X on or about date A, that he received a bill from Dr. X for those medical services, that the bill is an accurate copy of the bill he received, that the treatment described in the bill was the treatment he received on the dates in question and that the bill was paid.  That testimony coupled with the contents of the medical bills which contain the plaintiff's name, place of treatment, date of treatment, type of treatment and an amount clearly constitute sufficient proof for a reasonable juror to find that the medical bills in question are what the plaintiff claims.

B. <u>Medical Bills Are Not Inadmissible Hearsay</u>

The plaintiff acknowledges that the medical bills are hearsay.  Medical bills could be admissible under the business records exception of Rule 803(6) if the custodian or other qualified witness testified to the foundational requirements.  However, they are also admissible under the residual exception of Rule 807 which provides in part:  "A statement not specifically covered by Rule 803 or 804 but

having equivalent circumstantial guarantees of trustworthiness is not excluded by the hearsay rule, if the Court determines that (A) the statement is offered as evidence of material facts; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules in interest of justice will best be served by admission of the statement into evidence.  No one seriously doubts that hospitals and doctors maintain their bills in the course of their regularly conducted activities and that it is part of their regular business practice to create and maintain their bills.  Therefore, medical bills are precisely the type of documents that have the equivalent circumstantial guarantees of trustworthiness contemplated by Rule 807.  See, Connecticut General Statutes §52-174(b) which in effect creates a residual hearsay exception for signed medical reports as well as medical bills.

C.      <u>The Plaintiff's Testimony Will Link The Particular Bills To The Injuries He Sustained In The Subject Accident</u>

Of course, medical bills, standing alone, do not prove that the medical expenses were incurred for treatment for injuries suffered by the plaintiff in the subject accident.  However, that linkage will be provided by the plaintiff himself who will testify concerning the general nature of the crush injury he sustained and to what portions of his anatomy, will describe the pain, numbness and tingling sensations that ensued right after the injury, and will further testify regarding the

general nature of the treatment and diagnostic tests he underwent because of the continued pain and other symptoms. The plaintiff will further testify at the time he received medical treatment relating to the areas of his body that were injured in the subject accident for which the bills were incurred, he had not had any accidents subsequent to the subject accident involving the parts of his body that were injured in the subject accident. The plaintiff did suffer a later slip and fall accident, but he is not seeking to recover for medical expenses incurred after that subsequent accident.

Admission of the medical bills coupled with the plaintiff's testimonies regarding his injuries, pain and the doctors he went to see for diagnosis and treatment from the injuries he suffered in this accident and the subsequent accident post no danger whatsoever of confusing or misleading the jury. The issue is a simple one. Today, lay persons have a general familiarity with basic types of medical tests and treatments. If a person breaks his arm, what purpose does it serve to have a doctor come in and say the x-ray of the arm was taken due to the fracture. Admittedly, the plaintiff's crush injuries are less tangible, but the same logic applies.

The defendant's argument of potential undue prejudice is disingenuous. The defendant was provided with reams of medical records during discovery and has had every opportunity to retain a medical expert to review the medical records and

give his or her opinion regarding them.  Moreover, in a general sense, all relevant evidence that is adverse to the opposing party is "prejudicial" to the opposing party, but, of course, that is not the type of prejudice that is contemplated by Rule 803.

Conclusion

  For all the foregoing reasons, the plaintiff's motion in limine should be denied.

            RESPECTFULLY SUBMITTED


            _____//s//_____
            Warren L. Holcomb, Esq.
            Berchem, Moses & Devlin, P.C.
            75 Broad Street
            Milford, CT 06460
            Federal I.D. No.:  CT13127
            wholcomb@bmdlaw.com

## CERTIFICATION

      This is to certify that a copy of the Memorandum of Law in Opposition to Defendant's Motion in Limine to Preclude Plaintiff's Medical Bills was mailed this date, first class mail, postage prepaid, to the following:

Jack Miller, Esq.  
Regnier, Taylor, Curran & Eddy  
Cityplace I, 28th Floor  
185 Asylum Street  
Hartford, CT  06103

                                              ___//s//_____  
                                              Warren L. Holcomb, Esq.