UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE PELLEY | : | CIVIL ACTION NO. |
| Plaintiff | | |
| | : | 3:01CV1767 (CFD) |
| V. | | |
| SUPERVALU, INC. | | |
| Defendant | : | March 8, 2006 |

**REPLY TO PLAINTIFF'S OPPOSITION TO
PRECLUSION OF ALLEGED MEDICAL BILLS**

Defendant has moved to preclude medical bills without accompanying medical records or testimony from medical professionals. Plaintiff may still testify that he went to a doctor/hospital on a given day. However, he cannot offer bills and lay opinions linking them to the subject accident, as shown below.

**A.   Plaintiff Cannot Authenticate Alleged Medical Bills**

Admission of documents requires "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a). Plaintiff is not a doctor and has no knowledge of billing practices of doctors/ hospitals. Thus, he is no more qualified to authenticate medical bills than any other mail he might receive. At minimum, authentication of medical bills requires testimony from someone familiar with medical billing practices.

**B.   Alleged Medical Bills Are Inadmissible Hearsay**

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff concedes the bills are hearsay not covered by the Business Records exception in Fed.R.Evid. 803(6). Still, he argues that they fall under the Residual Exception in Fed.R.Evid. 807. The Residual Exception "is to be used only rarely, and in exceptional circumstances . . . ." *Weinstein's Evidence Manual* sec. 14.04[1] (2005), citing *United States v. Thunder Horse,* 370 F.3d 745, 757 (8th Cir. 2004). It applies only where "the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts . . . ." Fed.R.Evid. 807(B). There is nothing rare or exceptional about this case or medical bills. Moreover, plaintiff can easily call on the creator or custodian of the bills to satisfy the Business Records Exception. His mere refusal to do so will not invoke the Residual Exception.

Finally, Conn. Gen. Stat. 52-174(b) has no bearing on this case, as plaintiff chose to sue in federal.

**C.     Bills Are Not Relevant Simply Because Plaintiff Says They Are**

Plaintiff suggests he can link the bills to injuries he sustained in the subject accident by testifying about his pain and also recounting treatments and diagnostic tests he received. Plaintiff is free to speak of his pain. He is not free to provide medical testimony with relationship to his treatment. Moreover, he is not a doctor and, thus, may not testify that any treatment or test was medically necessary and/or reasonably-priced. That remains the sole domain of expert witnesses.

PDF created with pdfFactory trial version www.pdffactory.com

**D.     Conclusion**

Adherence to the Rules of Evidence is not disingenuous, as plaintiff suggests. Rather, these rules "secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that truth may be ascertained and proceedings justly determined." Fed.R.Evid. 102. If bills are essential to plaintiff's case, he should introduce them by means set forth in the Rules of Evidence.

THE DEFENDANT: Supervalu, Inc.

By_____
     Jack D. Miller
     Regnier, Taylor, Curran & Eddy
     Cityplace, 28th Floor
     Hartford, CT  06103
     (860)249-9121
     Federal I.D. No.:  CT 05300

PDF created with pdfFactory trial version www.pdffactory.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE PELLEY | : | CIVIL ACTION NO. |
| Plaintiff | | |
| | : | 3:01CV1767 (CFD) |
| V. | | |
| SUPERVALU, INC. | | |
| Defendant | : | MARCH 7, 2005 |

### **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, first class, postage prepaid on the 7th day of March 2006 to:

Attorney Warren L. Holcomb
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT 06460

_____

Jack D. Miller

PDF created with pdfFactory trial version www.pdffactory.com